## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**17 Fairfield Road, Scarborough, ME 04074** |
| **Mary Ellen A. Hopkins, htta Mary Ellen Hopkins** | **Mortgage:**<br>**June 22, 2007**<br>**Book 25249, Page 295 and Book 25329, Page 1**<br>**Cumberland County Registry of Deeds** |
| **Defendant**<br>**KeyBank National Association** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal

National Mortgage Association, in which the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is the obligor and the total amount owed under the terms of the Note is Two Hundred Sixty-Nine Thousand Three Hundred Thirty-One and 82/100 ($269,331.82)Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a National Association with its principal place of business located at 14221 Dallas Parkway, Suite 1000, Dallas, TX 75254.

5. The Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is a resident of Scarborough, County of Cumberland and State of Maine.

6. The Party-in-Interest, Key Bank National Association, is located at 127 Public Square, Cleveland, OH 44114.

## FACTS

7. On December 21, 2006, by virtue of a **Deed of Distribution by Personal Representative (intestate)** from Mary Ellen Hopkins, Personal Representative of the Estate of Ronald S. Hopkins, which is recorded in the Cumberland County Registry of Deeds in **Book 24709, Page 293**, the property situated at 17 Fairfield Road, City/Town of Scarborough, County of Cumberland, and State of Maine, was conveyed to Mary Ellen Hopkins, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On June 22, 2007, Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, executed and delivered to KeyBank National Association a certain Note under seal in the amount of $175,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on June 07, 2007, Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for KeyBank National Association, securing the property located at 17 Fairfield Road, Scarborough, ME 04074 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 25249**, **Page 295**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. On July 27, 2007, a Corrective Mortgage was Recorded to correct the Legal Description securing the property located at 17 Fairfield Road, Scarborough, ME 04074 which Corrective Mortgage is recorded in the Cumberland County Registry of Deeds in **Book 25329**, **Page 1** *See* Exhibit D (a true and correct copy of the corrective mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated March 24, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 33936**, **Page 226**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Prof-2013-S3 Legal Title Trust II, By U.S. Bank National Association, as Legal Title Trustee by virtue of an Assignment of Mortgage dated March 30, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 33936**, **Page 227**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to PROF-2013-S3 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee by virtue of a Quitclaim Assignment dated September 6, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 34350**, **Page 166**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated January 31, 2020 and recorded in the Cumberland County Registry of Deeds in **Book 36788**, **Page 82**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On March 25, 2022, the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, of the payment due date, the total amount necessary to cure the default, and the

deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

17. The Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

21. KeyBank National Association is a Party-in-Interest pursuant to a Home Equity Line of Credit Mortgage in the amount of $54,000.00 dated February 28, 2008, and recorded in the Cumberland County Registry of Deeds in **Book 25881**, **Page 194** and is in Second position behind Plaintiff's Mortgage.

22. The total debt owed under the Note and Mortgage as of May 13, 2022 is Two Hundred Sixty-Nine Thousand Three Hundred Thirty-One and 82/100 ($269,331.82) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $151,664.84 |
| Interest | $76,263.36 |
| Late Fees | $681.00 |
| Escrow Advance | $38,171.49 |

| Lender Paid Expenses | $2,551.13 |
|---|---|
| Grand Total | $269,331.82 |

23. Upon information and belief, the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is presently in possession of the subject property originally secured by the Mortgage.

24. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

## <u>COUNT I – FORECLOSURE AND SALE</u>

25. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 17 Fairfield Road, Scarborough, County of Cumberland, and State of Maine. *See* Exhibit A.

27. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is presently in default on said Mortgage and Note, having failed to make the monthly payment due January 1, 2015, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of May 13, 2022 is Two Hundred Sixty-Nine Thousand Three Hundred Thirty-One and 82/100 ($269,331.82) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $151,664.84 |
| Interest | $76,263.36 |
| Late Fees | $681.00 |
| Escrow Advance | $38,171.49 |
| Lender Paid Expenses | $2,551.13 |
| | |
| Grand Total | $269,331.82 |

31. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

33. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, on March 25, 2022, evidenced by the Certificate of Mailing. *See* Exhibit I.

34. The Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is not in the Military as evidenced by the attached Exhibit J.

35. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

36. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. On June 22, 2007, the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, executed under seal and delivered to KeyBank National Association a certain Note in the amount of $175,000.00. *See* Exhibit B.

38. The Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is in default for failure to properly tender the January 1, 2015 payment and all subsequent payments. *See* Exhibit H.

39. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins.

40. The Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

41. The Defendant Mary Ellen A. Hopkins, htta Mary Ellen Hopkins's breach is knowing, willful, and continuing.

42. The Defendant Mary Ellen A. Hopkins, htta Mary Ellen Hopkins's breach has caused Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

43. The total debt owed under the Note and Mortgage as of May 13, 2022, if no payments are made, is Two Hundred Sixty-Nine Thousand Three Hundred Thirty-One and 82/100 ($269,331.82) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $151,664.84 |
| Interest | $76,263.36 |
| Late Fees | $681.00 |
| Escrow Advance | $38,171.49 |
| Lender Paid Expenses | $2,551.13 |
| | |
| Grand Total | $269,331.82 |

44. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

45. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

## <u>COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED</u>

46. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. By executing, under seal, and delivering the Note, the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, entered into a written contract with KeyBank National Association who agreed to loan the amount of $175,000.00 to the Defendant. *See* Exhibit B.

48. As part of this contract and transaction, the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, executed the Mortgage to secure the Note and the subject property. Confirmed and Corrected by a Corrective Mortgage recorded at Book 25329, Page 1 *See* Exhibit D.

49. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to KeyBank National Association, and has performed its obligations under the Note and Mortgage.

50. The Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, breached the terms of the Note and Mortgage by failing to properly tender the January 1, 2015 payment and all subsequent payments. *See* Exhibit I.

51. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins.

52. The Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

53. The Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is indebted to Federal National Mortgage Association in the sum of Two Hundred Sixty-Nine Thousand Three Hundred Thirty-One and 82/100 ($269,331.82) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendant.

54. Defendant Mary Ellen A. Hopkins, htta Mary Ellen Hopkins's breach is knowing, willful, and continuing.

55. Defendant Mary Ellen A. Hopkins, htta Mary Ellen Hopkins's breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

56. The total debt owed under the Note and Mortgage as of May 13, 2022, if no payments are made, is Two Hundred Sixty-Nine Thousand Three Hundred Thirty-One and 82/100 ($269,331.82) Dollars, which includes:

| Description | Amount |
| --- | --- |

| | |
|---|---|
| Principal Balance | $151,664.84 |
| Interest | $76,263.36 |
| Late Fees | $681.00 |
| Escrow Advance | $38,171.49 |
| Lender Paid Expenses | $2,551.13 |
| | |
| Grand Total | $269,331.82 |

57. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

58. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

## COUNT IV – QUANTUM MERUIT

59. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. KeyBank National Association, predecessor-in-interest to Federal National Mortgage Association, loaned Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, $175,000.00. *See* Exhibit B.

61. The Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is in default for failure to properly tender the January 1, 2015 payment and all subsequent payments. *See* Exhibit H.

62. As a result of the Defendant Mary Ellen A. Hopkins, htta Mary Ellen Hopkins's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Federal National Mortgage Association.

63. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

64. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT V –UNJUST ENRICHMENT

65. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 64 as if fully set forth herein.

66. KeyBank National Association, predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, $175,000.00. *See* Exhibit B.

67. The Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, has failed to repay the loan obligation.

68. As a result, the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, has been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to KeyBank National Association by having received the aforesaid benefits and money and not repaying said benefits and money.

69. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

70. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is in breach of the Note by failing to make payment due as of January 1, 2015, and all subsequent payments;

d) Find that the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is in breach of the Mortgage by failing to make payment due as of January 1, 2015, and all subsequent payments;

e) Find that the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due January 1, 2015 and all subsequent payments;

g) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j) Find that the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k) Find that the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Mary Ellen A. Hopkins, htta Mary Ellen Hopkins, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of Two Hundred Sixty-Nine Thousand Three Hundred Seventy-Three and 82/100 ($269,373.82 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

r) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: May 23, 2022

/s/Reneau J. Longoria, Esq.
/s/Lauren A. Thomas, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Lauren A. Thomas, Esq. Bar No. 004181
Attorneys for Plaintiff

Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com
LT@dgandl.com